# UNITED STATES DISTRICT COURT
for the
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America <br> v. <br> <u>Brandon Sims</u> <br> *Defendant* | ) <br> ) <br> ) Case No. 1:19-mj-00782-ML-1 <br> ) <br> ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

<u>X</u> **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    <u>X</u> **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c).

**B. Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). Even assuming the defendant has produced adequate rebutting evidence, the presumption remains a factor to be considered by the Court and "may be weighed in the evidentiary balance." *Id.* at 799.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the pretrial services report, and the evidence and arguments of counsel presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

<u>X</u> By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

<u>X</u> By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- [X] Weight of evidence against the defendant is strong
- [X] Subject to lengthy period of incarceration if convicted
- [X] Prior criminal history
- [X] Participation in criminal activity while on probation, parole, or supervision
- [ ] History of violence or use of weapons
- [X] History of alcohol or substance abuse
- [X] Lack of stable employment
- [ ] Lack of stable residence
- [ ] Lack of financially responsible sureties
- [ ] Lack of significant community or family ties to this district
- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [X] Prior attempts to evade law enforcement
- [ ] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [X] Prior violations of probation, parole, or supervised release

**Other Reasons or Further Explanation:**

My decision is based on the identified factors. Mr. Sims was on deferred adjudicated probation for possession with intent to distribute a controlled substance at the time of the alleged instant offense, demonstrating criminal activity while under supervision. In addition, after completing Intensive Outpatient Treatment in June 2019, Mr. Sims tested positive for marijuana on November 6, 2019, and for amphetamines after his arrest. Furthermore, he attempted to flee at the time of his arrest, and a gun was found at the resident he shared with his co-defendant. The government has met its burden for detention.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: December 20, 2019

Susan Hightower
United States Magistrate Judge